**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  08-cv-02813-REB-CBS

JOSEPH T. MECCA,

      Plaintiff,

v.

UNITED STATES OF AMERICA,
MICHAEL J. STARKEY,
JOHN A. JOHNSON,
JAMES TERRIO,
JACK MARKUSFELD, and
JOHN CHO,

      Defendants.

## ORDER RE: MOTIONS TO DISMISS

**Blackburn, J.**

The matters before me are (1) the **United States of America's Motion To Dismiss Amended Complaint** [#50] filed June 16, 2009; and (2) **Motion To Dismiss by Defendants Johnson, Starkey, Terrio, and Cho** [#52] filed June 18, 2009.  I grant the government's motion and dismiss plaintiff's claims against it with prejudice for lack of subject matter jurisdiction.  I also grant the individual defendants' motion for failure to state a claim on which relief may be granted, and dismiss plaintiff's claim against those defendants without prejudice

## I.  JURISDICTION

I have putative subject matter jurisdiction pursuant to 28 U.S.C. §§ 1346(b) (Federal Tort Claims Act) and 1331 (federal question).

## II.  STANDARD OF REVIEW

Defendants' motions to dismiss raise challenges implicating both Fed.R.Civ.P. 12(b)(1) and 12(b)(6).  A motion alleging immunity from suit under the Federal Tort Claims Act implicates the court's subject matter jurisdiction and, therefore, is analyzed under Fed.R.Civ.P. 12(b)(1).  **See Estate of Harshman v. Jackson Hole Mountain Resort Corp.**, 379 F.3d 1161, 1167 (10th Cir. 2004).  Federal courts are courts of limited jurisdiction and, thus, may only adjudicate claims that the Constitution or Congress have given them authority to hear and determine.  **Morris v. City of Hobart**, 39 F.3d 1105, 1110 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1960 (1995); **Fritz v. Colorado**, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002).  A motion to dismiss under Fed.R.Civ.P. 12(b)(1) may consist of either a facial or a factual attack on the complaint.  **Holt v. United States**, 46 F.3d 1000, 1002 (10th Cir. 1995).  Because the government's motion presents a facial attack, I must accept the allegations of the complaint as true.  **Id**.  Plaintiff bears the burden of establishing that subject matter jurisdiction exists.  **Henry v. Office of Thrift Supervision**, 43 F.3d 507, 512 (10th Cir. 1994); **Fritz**, 223 F.Supp.2d at 1199.

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  **Fernandez-Montes v.**

***Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003). I review the amended complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[1] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very

---

[1] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III.  ANALYSIS

Plaintiff is a diagnostic radiologist.  In April, 2005, he entered into an independent contractor agreement with American Hospital Service Group, Inc., pursuant to which he was hired to provide radiologic services at Evans Army Community Hospital ("Evans") in Fort Carson, Colorado.  Plaintiff applied for and was granted privileges in diagnostic radiology at Evans.  In April, 2006, plaintiff diagnosed a patient with diverticulitis, when, in fact, the patient had appendicitis.  The error was realized two days later, and the patient allegedly suffered no ill consequences as a result of the diagnostic error.

Nevertheless, on May 1, 2006, defendant, Major Michael J. Starkey, the Chief of the Department of Radiology, allegedly informed plaintiff that unless he resigned immediately, the Army would initiate an investigation into the incident, which investigation would result in the suspension of plaintiff's privileges and a report of the incident to the National Practitioners Data Bank and state licensing authorities.  Starkey allegedly promised plaintiff that no adverse consequences would attend his resignation. Plaintiff resigned that same day, effective immediately.

Plaintiff alleges that despite assurances to the contrary, abeyance proceedings were initiated against him.  Plaintiff was not provided notice prior to the commencement of the abeyance process nor an opportunity to be heard thereafter.  The abeyance was converted into a summary suspension of plaintiff's privileges.  Plaintiff alleges that since his resignation, he has applied for numerous radiologist positions at hospitals across the

country, but that once employers have learned of the suspension of his privileges at Evans, their initial interest in him has evaporated.

Plaintiff has filed claims for negligence, negligence per se, and civil conspiracy against the United States based on the alleged violation of Army Regulation 40-68, Clinical Quality Management.  (*See* United States's Motion App., Exh. D.)  Plaintiff's ninth claim for relief alleges a violation of due process as against the individual defendants for depriving plaintiff of property and liberty interests in his staff privileges. Both the United States and the individual defendants who have been served in this action[2] have moved to dismiss.  I address the issues raised by these motions separately.

### A.  Claims against the United States

The first six claims of the First Amended Complaint assert negligence and negligence per se against the government in various particular alleged violations of Army Regulation 40-68.  Claim Seven asserts a claim for civil conspiracy, and Claim Eight asserts a claim for interference with prospective business advantage related to plaintiff's alleged inability to secure employment following suspension of his privileges. Because I find that I lack jurisdiction under the Federal Tort Claims Act as to the negligence and conspiracy claims and that the eighth claim is barred by the exemption contemplated by section 2680(h) of the Act, I grant the government's motion to dismiss.[3]

The Federal Tort Claims Act ("FTCA") constitutes a limited waiver of the United

---

[2] Defendant Jack Markusfeld has not been served.

[3] My determinations in this regard pretermit consideration of the government's other arguments in favor of dismissal.

States's sovereign immunity from any suit seeking money damages

> for injury or loss of property, or personal injury or death
> caused by the negligent or wrongful act or omission of any
> employee of the Government while acting within the scope of
> his office or employment, under circumstances where the
> United States, if a private person, would be liable to the
> claimant in accordance with the law of the place where the
> act or omission occurred.

28 U.S.C. § 1346(b).  This express language requires that a plaintiff's claim must allege that the United States would be liable, *inter alia*, "in accordance with the law of the place where the act or omission occurred."  **See Federal Deposit Insurance Corp. v. Meyer**, 510 U.S. 471, 477, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308  (1994).  "[W]e have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State – the source of substantive liability under the FTCA."  **Id.**, 114 S.Ct. at 1001.  In other words, a claim based on the alleged violation of a federal regulation cannot serve as the basis for liability under the FTCA.  **Black Hills Aviation, Inc. v. United States**, 34 F.3d 968, 973 n.2 (10th Cir. 1994) (citing **Klepper v. City of Milford**, 825 F.2d 1440, 1448 (10th Cir. 1987)).  Given this clear law, plaintiff's negligence, negligence per se, and civil conspiracy[4] claims based on the alleged violation of Army Regulation 40-68 do not come within the limited waiver of sovereign immunity contemplated by the FTCA.

Plaintiff's arguments to the contrary are unconvincing at best.[5]  His assertion that

---

[4] Similarly, an alleged conspiracy to violate a federal regulation fails to state a claim that comes within the purview of the FTCA.  **See Punchard v. United States Bureau of Land Management**, 180 Fed. Appx. 817, 819 (10th Cir. May 18, 2006), **cert. denied**, 127 S.Ct. 738 (2006).

[5] Plaintiff's attempt to devise an analogous state law claim out of the provisions of the Colorado statute immunizing members of professional review committees from claims brought by physicians subject to their scrutiny, §12-36.5-105, C.R.S., is so tortured as to not bear repetition here.  Suffice it to say that the statute is completely inapplicable to the facts of this case and, even if it were, it in no way creates or implies the existence of a cause of action for violation thereof.

Colorado state courts recognize claims for negligence per se based on violation of federal regulations is factually true, but legally irrelevant, for at least two reasons.  First, under Colorado law, negligence per se presupposes the violation of a statute or regulation adopted for the public's safety.  **See Scott v. Matlack, Inc.**, 39 P.3d 1160, 1166 (Colo. 2002); **Hageman v. TSI, Inc.**, 786 P.2d 452, 453-54 (Colo. App. 1989).  Nothing in Army Regulation 40-68 suggests that it meets this threshold criterion.  Second, plaintiff's claims essentially assert that the government violated his due process rights in failing to follow the dictates of the regulation.  However,

> . . . . The search for analogous state-law liability is circumscribed by the explicit language of the FTCA, which restricts that search to *private* liability.  In other words, we must look to some relationship between the governmental employee and the plaintiff to which state law would attach a duty of care in purely private circumstances.
>
> The flip side of this coin is that we are not at liberty to derive analogues from instances in which state law enforcement officers-and only state law enforcement officers-would be liable under state law.  In the FTCA milieu, the federal government does not yield its immunity with respect to obligations that are peculiar to governments or official-capacity state actors and which have no private counterpart in state law.

**McCloskey v. Mueller**, 446 F.3d 262, 267 (1st Cir. 2006) (emphasis in original, internal citations, brackets and quotation marks omitted).  Because there is no private individual liability for due process violations of the type alleged here, the government has not waived its immunity as to Claims 1 though 7, inclusive, and this court accordingly lacks

jurisdiction over those claims.[6]

Plaintiff's eighth claim, alleging interference with prospective business advantage based on his inability to find subsequent employment, runs afoul of section 2680 of the Act, which exempts certain classes of claims from the scope of the Act.  **See Molzof v. United States**, 502 U.S. 301, 311, 112 S.Ct. 711, 718, 116 L.Ed.2d 731 (1992) ("Through the § 2680 exceptions, Congress has taken steps to protect the Government from liability that would seriously handicap efficient government operations.") (citation and internal quotation marks omitted).  **See also Baird v. United States**, 653 F.2d 437, 440 (10th Cir. 1981) (noting that FTCA exceptions are jurisdictional), **cert. denied**, 102 S.Ct. 1004 (1982).  More specifically, the FTCA exempts from its waiver of immunity "[a]ny claim arising out of . . . interference with contract rights"  28 U.S.C. § 2680(h). Claims for loss of the ability to enter into future employment relations come within the ambit of this section:

> The duty that the [government] officials allegedly breached is the duty not to interfere with [plaintiff's] economic relationship with third parties.  That duty is the same as the duty underlying a claim for interference with contract rights; the claims are distinguished only because the plaintiff's rights or expectancies under the latter are secured by an existing contract.  To hold that interference with prospective advantage does not arise out of interference with contract rights under section 2680(h) would subject the government to liability if its employees interfered with the plaintiff's mere expectation of entering a contract, but not if they interfered with a contract already in existence. Such a result would be illogical and contrary to the 'words and reason of the

---

[6] In addition, plaintiff's civil conspiracy claim is deficient for failure to allege any facts suggesting a meeting of the minds between defendants as to the object of the conspiracy.  **See United States v. Island**, 316 Fed. Appx. 804, 806 (10th Cir. March 19, 2009) (citing **United States v. Butler**, 494 F.2d 1246, 1249 (10th Cir. 1974)), **cert. denied**, – S.Ct. –, 2009 WL 1807586 (Oct. 5, 2009).

> exception. We therefore hold, as has nearly every court that
> has addressed this issue, that . . . claims for interference
> with prospective advantage are barred as claims arising out
> of interference with contract rights.

***Art Metal-U.S.A., Inc. v. United States***, 753 F.2d 1151, 1154-55 (D.C. Cir. 1985) (alterations supplied; internal citations, quotation marks, and footnote omitted). The Tenth Circuit has adopted this same view. ***Cooper v. American Automobile Insurance Co.***, 978 F.2d 602, 613 (10th Cir. 1992) ("[C]laims against the government [that] could be construed as claims of tortious interference with present or future contractual relations [are] barred by 28 U.S.C. § 2860(h)"); *see also* ***Custodio v. United States***, 866 F.Supp. 479, 484 (D. Colo. 1994) (same).

     Plaintiff's attempt to evade this clear precedent by denominating his claim as one for interference with "prospective business advantage" in reliance on the district court's decision in ***Colorado Insurance Group, Inc. v. United States***, 216 F.Supp. 787 (D. Colo. 1963), is unavailing. In that case, the district court drew a distinction between interference with prospective business advantage and interference with contractual relations, noting that "a claim of interference with prospective advantage may contemplate matters which would not automatically fall within the purview of an action for interference with contractual rights." ***Id.*** at 792. Because the plaintiff there alleged a campaign of harassment, intimidations, and accusations that did not implicate any specific contractual relations, the court found that the section 2680(h) exemption was not applicable. ***Id.*** at 792-93. Here, by contrast, and irrespective of the label plaintiff has affixed to it, the gravamen of his claim is plainly alleged to be that "[b]y so interfering, Defendant has prevented the formation of an employment contract with

other hospitals." (**First Amended Complaint** ¶ 110 at 18 [#47], filed June 8, 2009.) As such, this claim clearly falls within the ambit of the section 2680(h) exemption.

Accordingly, the government's motion to dismiss for lack of subject matter jurisdiction will be granted.

### B.  Claim against the individual defendants[7]

Plaintiff's ninth claim for relief alleges that the individual defendants violated his Fifth Amendment rights to due process by depriving him of his staff privileges, which allegedly constitute both a liberty and a property interest.  In order to assert a viable claim against defendants for violation of his Fifth Amendment due process rights, plaintiff must establish that he has cognizable property and liberty interests in his staff privileges.  *See **Hyde Park Co. v. Santa Fe City Council***, 226 F.3d 1207, 1210 (10th Cir. 2000).  The question, then, is whether the First Amended Complaint sufficiently alleges facts demonstrating the existence of such constitutionally recognized interests.  Under ***Twombly*** and its progeny, I conclude that it does not, and, therefore, dismiss this claim without prejudice.

In order to show a protectible property interest, plaintiff must establish that there are substantive restrictions on defendants' ability to make personnel decisions with respect to his staff privileges.  *See **Potts v. Davis County***, 551 F.3d 1188, 1192 (10th Cir. 2009).  In his response to the motion, plaintiff argues that Army Regulation 40-68, Chapter 10-2(b), includes such restrictions by requiring a finding of "reasonable cause

---

[7] Although plaintiff has alleged that all defendants acted in their individual capacities, the allegations of the First Amended Complaint appear to suggest quite clearly that these defendants acted within the scope of their employment.  It is not apparent why the government has not submitted a notice to substitute parties, as contemplated by 28 U.S.C. § 2679(d)(1).

10

to doubt the individual's competence to practice" before privileges may be abated or suspended.  Nevertheless, the First Amended Complaint itself nowhere cites to this provision, nor alleges that reasonable cause was required before plaintiff's staff privileges could be affected.  Moreover, nowhere does the complaint state that plaintiff's staff privileges actually were suspended without reasonable cause.[8]  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  **Ashcroft v. Iqbal**, – U.S. –, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (quoting **FED.R.CIV.P.** 8(a)(2); second alteration in **Iqbal**).  To find that plaintiff has sufficiently pled a cognizable property interest would require a series of inferences not supported by the allegations of the complaint.  I decline to read so much into plaintiff's complaint, which otherwise contains a plethora of factual detail.

Similar shortcomings doom plaintiff's liberty interest claim as well.  It is true that "the liberty interest protected by the Constitution includes an individual's 'freedom to earn a living.'"  **Pfenninger v. Exempla, Inc**., 116 F.Supp.2d 1184, 1195 (D. Colo. 2000) (citing **Setliff v. Memorial Hospital of Sheridan County**, 850 F.2d 1384, 1396 (10th Cir. 1988)).  One essential element of such a claim, however, is public disclosure of the reasons for plaintiff's discharge.  **See Dickeson v. Quarberg**, 844 F.2d 1435, 1440 (10th Cir. 1988); **Pfenninger**, 116 F.Supp.2d at 1195.  The First Amended Complaint fails to include sufficient allegations to allow the court to conclude that this

---

[8] The closest the complaint comes to such an allegation is its assertion that on submission of the matter to the United States Surgeon General, "there was a complete lack of evidence that [plaintiff's] privileges should have been suspended."  (**First Am. Compl.** ¶ 53 at 10 [#47], filed June 8, 2009.)

11

element can be established.  Instead, plaintiff alleges only that "when [hospitals with which plaintiff has sought employment subsequent to the suspension of his privileges at Evans] learn of the improper suspension of his privileges . . . they decline to hire him." (**First Am. Compl.** ¶ 54 at 10.)  Plaintiff does not specify how these prospective employers learned this information, much less that it was acquired through any publication by any named defendant.[9]  I refuse to infer the existence of facts sufficient to prove up the crucial fact of causation as to this claim.

## IV.  CONCLUSION

Plaintiff's claims against the United States are barred by sovereign immunity. Accordingly, I grant the government's motion and dismiss with prejudice Claims 1 though 8, inclusive, for lack of subject matter jurisdiction.  In addition, plaintiff has failed to allege facts sufficient to demonstrate a claim on which relief may be granted as against the individual defendants.  Their motion likewise will be granted, and the claims against them dismissed without prejudice.

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **United States of America's Motion To Dismiss Amended Complaint** [#50], filed June 16, 2009, is **GRANTED**;

---

[9] Although plaintiff alleges that defendant Starkey threatened to report his suspension to the National Practitioners Data Bank and state licensing authorities if he did not first resign (*see* **First Am. Compl.** ¶ 14 at 3), there is no allegation that Starkey actually did so (or was required by law to do so), or that any of plaintiff's prospective employers actually accessed the Data Bank or contacted state licensing authorities (or were legally bound to do so before processing his applications further).

2.   That the **Motion To Dismiss by Defendants Johnson, Starkey, Terrio, and Cho** [#52], filed June 18, 2009, is **GRANTED**;

3.   That plaintiff's first through eighth claims for relief, alleging negligence, negligence per se, and civil conspiracy, are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction;

4.   That plaintiff's ninth claim for relief is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted;

5.   That judgment **SHALL ENTER** on behalf of defendant, the United States of America, and against plaintiff, Joseph Mecca, as to plaintiff's first through eighth claims for relief, inclusive; and

6.   That defendant, the United States of America, is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated November 20, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge